# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 13, 2021

Lyle W. Cayce
Clerk

No. 20-60724
Summary Calendar

---

WENDY PINEDA; JESUS DANIEL SOLORZANO PINEDA,

*Petitioners*,

*versus*

MERRICK GARLAND, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A205 844 952
BIA No. A205 844 955

---

Before HIGGINBOTHAM, HIGGINSON, and DUNCAN, *Circuit Judges*.

PER CURIAM:*

Wendy Pineda and her derivative beneficiary, Jesus Daniel Solorzano
Pineda, are natives and citizens of Honduras. She petitions for review of the
denial of her application for asylum, withholding of removal, and protection

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-60724

under the Convention Against Torture (CAT). Pineda argues that she was persecuted by gang members, and fears future persecution, based on her and Jesus's membership in particular social groups (PSGs) defined separately as Honduran women and men "who fear violence and delinquency in their home country."

This court reviews the final decision of the Board of Immigration Appeals (BIA) and will only consider the decision of the immigration judge (IJ) where it influenced the decision of the BIA. *Zhu v. Gonzales*, 493 F.3d 588, 593 (5th Cir. 2007). Where, as here, the BIA affirmed the IJ's decision without an opinion, the IJ's decision is the final agency decision for purposes of judicial review on appeal. *See Soadjede v. Ashcroft*, 324 F.3d 830, 831-32 (5th Cir. 2003). Factual findings are reviewed for substantial evidence and legal questions de novo, giving deference to the BIA's interpretation of any ambiguous immigration statutes. *Orellana-Monson v. Holder*, 685 F.3d 511, 517-18 (5th Cir. 2012). Whether an applicant is eligible for asylum, withholding of removal, or relief under the CAT is reviewed for substantial evidence. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006) (citations omitted).

To be eligible for asylum, Pineda must show she is unable or unwilling to return to her country "because of persecution or a well-founded fear of persecution on account of," as relevant here "membership in a [PSG]." 8 U.S.C. § 1101(a)(42)(A); *see* 8 U.S.C. § 1158(b)(1). Pineda has failed to show that her proposed PSGs meet the necessary requirements. *See Orellana-Monson*, 685 F.3d at 518-19, 521. Because she has failed to demonstrate entitlement to asylum, she has also failed to demonstrate entitlement to withholding of removal. *See Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002).

No. 20-60724

Pineda has also failed to establish that she more likely than not would be tortured with the acquiescence of a governmental official if removed. *See Ramirez-Mejia v. Lynch*, 794 F.3d 485, 493 (5th Cir. 2015); *see also Morales v. Sessions*, 860 F.3d 812, 818 (5th Cir. 2017) (defining "torture" for purposes of the CAT). Her argument that she will be tortured based on generalized social conditions in Honduras is too speculative to support CAT relief and is insufficient to compel reversal under the substantial evidence standard. *See Ramirez-Mejia*, 794 F.3d at 493-94. Finally, we lack jurisdiction to consider Pineda's contention, raised for the first time on appeal, that the agency misapplied the standard of review to her CAT claim. *See Avelar-Oliva v. Barr*, 954 F.3d 757, 766 (5th Cir. 2020); 8 U.S.C. § 1252(d)(1).

The petition for review is DENIED.